UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>    Plaintiff,<br><br>  v.<br><br>RESIDENTS, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-00735-KJM-JDP (PS)<br><br>**ORDER**<br><br>SCREENING THE COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

    Plaintiff has filed a complaint purporting to assert claims against an unidentified superior court, an unidentified district attorney's office, and Gary Timmons, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed with leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
2  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
3  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
4  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
5  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
6  n.2 (9th Cir. 2006) (en banc) (citations omitted).

7  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
8  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
9  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
10 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
11 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
12 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
13 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

15 The complaint lists violations of the First, Fifth, Fourteenth, and Eighth Amendments.
16 ECF No. 1 at 4. However, after reviewing the complaint, I am unable to discern each defendant
17 with particularity or any factual allegations that support violations of plaintiff's constitutional
18 rights.[1]

19 As best I can tell, plaintiff alleges that his social media posts were used against him in a
20 court proceeding. *Id.* at 5. The complaint then addresses seemingly unrelated issues plaintiff has
21 faced in his life, including being called names, being homeless and jobless, and having his phone
22 calls monitored by his neighbors. *Id.* at 9. The complaint also has several documents attached,
23 including part of an article entitled, "Fifth Amendment Issues in Prosecuting Public Employees,"
24 *id.* at 10-13; a one-page proof of service for a petitioner for writ of habeas corpus in the California

---

[1] The complaint's caption lists "Residents, Internet Gary Timmons District Attorneys office Superior Courts Supreme Court etc" as defendants, but the body of the complaint lists "Superior court," "District Attorney office," and "Gary Timmons" as defendants. *Id.* at 1-3. Should plaintiff choose to amend his complaint, he should describe each defendant with sufficient particularity.

1  Supreme Court, *id.* at 14; pages from an address book, *id.* at 15-51; a one-page document entitled,
2  "Instructions for Attorneys Completing Civil Cover Sheet Form JS 44," *id.* at 53; a document
3  about California's speedy trial laws, *id.* at 54-55; and a letter from the Department of Homeland
4  Security, *id.* at 56.  However, the complaint fails to draw a connection between these documents
5  and any alleged wrongdoing by defendants.  Plaintiff makes vague references to defendants
6  without explaining any actions taken by them.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646,
7  649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts
8  which defendants engaged in that support the plaintiff's claim.").  Since the complaint fails to
9  comport with Rule 8's requirement, I will recommend that it be dismissed with leave to amend.
10  Fed. R. Civ. P. 8(a).

11  I will allow plaintiff a chance to amend his complaint before recommending that this
12  action be dismissed.  Plaintiff should also take care to add specific factual allegations against the
13  defendant.  If plaintiff decides to file an amended complaint, the amended complaint will
14  supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
15  (en banc).  This means that the amended complaint will need to be complete on its face without
16  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is
17  filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in
18  the original, plaintiff will need to assert each claim and allege each defendant's involvement in
19  sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer
20  to the appropriate case number.  If plaintiff does not file an amended complaint, I will
21  recommend that this action be dismissed.

22  Accordingly, it is hereby ORDERED that:

23  1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

24  2. Within thirty days from the service of this order, plaintiff must either file an
25  amended complaint or advise the court he wishes to stand by his current complaint.  If he selects
26  the latter option, I will recommend that this action be dismissed.

27  3. Failure to comply with this order will result in a recommendation that this action be
28  dismissed.

4. The Clerk of Court is directed to send plaintiff a form complaint.

IT IS SO ORDERED.

Dated:   March 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE