1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL LITTLETON,                     Case No.  2:23-cv-00735-KJM-JDP (PS)

12              Plaintiff,                    **FINDINGS AND RECOMMENDATIONS**

13         v.                                THAT THIS MATTER BE DISMISSED

14    RESIDENTS,                             OBJECTIONS DUE WITHIN FOURTEEN
                                             DAYS
15              Defendant.

16

17         On March 15, 2024, I screened plaintiff's complaint, notified him that it did not state a

18    claim, and granted him thirty days to file an amended complaint.  ECF No. 4.  Plaintiff failed to

19    timely file an amended complaint or otherwise to respond to the court order.  Therefore, on April

20    30, 2024, I ordered plaintiff to show cause why this action should not be dismissed for his failure

21    to prosecute.  ECF No. 5.  I notified plaintiff that if he wished to continue with this lawsuit, he

22    must file an amended complaint.  I also warned plaintiff that failure to comply with the April 30,

23    2024 order would result in a recommendation that this action be dismissed.  *Id*.  Plaintiff has not

24    responded to the order to show cause, and the time to do so has passed.

25         The court has the inherent power to control its docket and may, in the exercise of that

26    power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,

27    216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

28    comply with these Rules or with any order of the Court may be grounds for imposition by the

                                              1

1    Court of any and all sanctions . . . within the inherent power of the Court.").

2         A court may dismiss an action based on a party's failure to prosecute an action, failure to

3    obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54

4    (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

5    1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

6    complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

7    comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

8    *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

9    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

10   prosecution and failure to comply with local rules).

11        In recommending that this action be dismissed for failure to comply with court orders, I

12   have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

13   need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

15   *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16        Here, plaintiff failed to respond to the order directing him to show cause why this action

17   should not be dismissed. *See* ECF No. 5. Therefore, the public interest in expeditious resolution

18   of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all

19   support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to

20   obey court orders will result in dismissal satisfies the "considerations of the alternatives"

21   requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.

22   The April 30, 2024 order expressly warned plaintiff that his failure to comply with court orders

23   would result in dismissal. ECF No. 5. Plaintiff had adequate warning that dismissal could result

24   from his noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

25        Accordingly, it is hereby RECOMMENDED that:

26        1. This action be dismissed without prejudice for failure to prosecute, failure to comply

27   with court orders, and failure to state a claim for the reasons set forth in the court's March 15,

28   2024 order. *See* ECF No. 4.

2

1    2.  The Clerk of Court be directed to close the case.

2    These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

4   service of these findings and recommendations, any party may file written objections with the

5   court and serve a copy on all parties.  Any such document should be captioned "Objections to

6   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

7   within fourteen days of service of the objections.  The parties are advised that failure to file

8   objections within the specified time may waive the right to appeal the District Court's order.  *See*

9   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

10   1991).

11

12   IT IS SO ORDERED.

13

14   Dated:    October 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3